IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA – MIAMI DIVISION

FISHER ISLAND COMMUNITY
ASSOCIATION, INC., a Florida not-for-
profit corporation,

    Plaintiff,

vs.

CASE NO.: 1:26-cv-20060-LFL

ELIZABETH HAZAN a/k/a LIZA HAZAN,

    Defendant.
_____/

FILED BY_____D.C.

FEB 17 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## ELIZABETH HAZAN'S RESPONSE IN OPPOSITION TO PLAINTIFF'S AMENDED MOTION TO REMAND AND MEMORANDUM OF LAW

Defendant, Liza Hazan a/k/a Elizabeth Hazan ("Defendant" or "Hazan"), appearing pro se, files this Response in Opposition to Plaintiff's Motion to Remand [ECF No. 5] and Plaintiff's Amended Motion for Remand [ECF No. 6] (the "Motion"), and states:

## I. INTRODUCTION

Plaintiff's Motion recasts this dispute as a simple "state-law declaratory judgment" about an assessment lien. That is not what the case is in substance.

This case turns on the scope and effect of bankruptcy-court orders and a court-approved settlement arising from Hazan's Chapter 11 case—specifically: (i) what lien rights were preserved, (ii) what was discharged or otherwise resolved through confirmation/discharge/final decree, and (iii) whether Plaintiff's requested declaration would modify, circumvent, or collaterally attack bankruptcy relief previously entered.

Because the relief Plaintiff seeks necessarily requires construction and enforcement of bankruptcy orders and the parties' bankruptcy settlement, this Court has subject-matter jurisdiction under 28 U.S.C. § 1334 and removal is proper under 28 U.S.C. § 1452(a). At minimum, Plaintiff cannot carry its burden to show that remand is mandatory.

Plaintiff's requests for remand based on alleged "untimeliness," "lack of service," and "attorneys' fees" are likewise meritless. Plaintiff also devotes substantial briefing to attacking Hazan personally with

inflammatory allegations of "litigiousness," which is irrelevant to jurisdiction and improper as a substitute for legal argument.

## II. RELEVANT BACKGROUND:

1. Plaintiff filed this action in state court seeking a declaration about the validity/enforceability of an alleged assessment lien and Plaintiff's collection rights.

2. Hazan filed a Chapter 11 bankruptcy petition in 2016 (the "Bankruptcy Case"), and the Bankruptcy Court entered orders including (among others) confirmation/discharge/final decree and also approved a settlement/stipulation between the parties addressing lien/assessment treatment (the "Settlement").

3. Plaintiff's requested declaration necessarily requires determining what the Settlement and bankruptcy orders do and do not permit Plaintiff to collect and enforce—particularly as to prepetition vs. postpetition amounts, preserved rights, and discharged or otherwise resolved obligations.

4. Hazan removed because Plaintiff's requested relief implicates **bankruptcy jurisdiction** and presents a substantial federal issue: enforcing and construing bankruptcy-court orders and agreements approved by the Bankruptcy Court.

## III. LEGAL STANDARD

A removing defendant bears the burden to show federal jurisdiction. However, Plaintiff as movant seeking remand must demonstrate that no statutory basis for jurisdiction exists or that remand is mandatory. Removal is proper under 28 U.S.C. § 1452(a) for claims "related to" bankruptcy cases under 28 U.S.C. § 1334(b). "Related to" jurisdiction exists when the action could conceivably affect the debtor's rights and liabilities and/or requires interpretation and enforcement of bankruptcy court orders. Where a claim requires construction of the confirmation order, discharge, injunction, or settlement approved by the bankruptcy court, federal jurisdiction is particularly strong because uniform interpretation and enforcement of bankruptcy orders is a core federal interest.

## IV. ARGUMENT

### A. This Court Has Jurisdiction Under 28 U.S.C. § 1334 Because Plaintiff's Requested Declaration Requires Construction and Enforcement of Bankruptcy Orders and a Court-Approved Settlement

Plaintiff's Motion focuses on § 1331 "federal question" and claims Hazan's constitutional allegations

don't create jurisdiction. That misses the point: Hazan's removal is proper under bankruptcy jurisdiction—§ 1334 and § 1452—not only § 1331.

Plaintiff's complaint asks the court to declare the "validity and enforceability" of a 2007 assessment lien and to clarify Plaintiff's collection rights. But Plaintiff simultaneously alleges (and attaches) a bankruptcy Settlement approved by the bankruptcy court that purportedly (i) excluded certain lien issues and (ii) preserved "post-petition assessments."

Those positions necessarily place at issue questions such as:

- What categories of assessments/charges (prepetition, postpetition, fees, interest, attorneys' fees) were addressed, released, discharged, or preserved?
- Whether the lien as pleaded is enforceable as written or is limited/modified by the confirmation/discharge orders and the Settlement.
- Whether Plaintiff's requested declaratory relief would operate as an impermissible **collateral attack** on bankruptcy-court orders or an attempt to obtain relief inconsistent with the discharge and injunction.

A state court declaration that Plaintiff may enforce or expand lien rights beyond what the bankruptcy court approved would directly conflict with bankruptcy orders and undermine the uniform application of the Bankruptcy Code and the Bankruptcy Court's prior rulings. That is the textbook basis for § 1334 jurisdiction.

Accordingly, this Court has at least "related to" jurisdiction under § 1334(b) and removal is proper under § 1452(a). Plaintiff's assertion that the issues were "excluded from bankruptcy" is not a jurisdictional trump card; it is a merits argument about the Settlement's scope, which is itself a federal question for the court with bankruptcy jurisdiction to interpret.

**B. Plaintiff's "No Federal Question" Argument Is a Straw Man; Bankruptcy Jurisdiction Independently Supports Removal**

Even if Plaintiff pleaded only state-law declaratory relief, **state-law claims can still be removed under § 1452** when they are "related to" a bankruptcy case or require interpretation/enforcement of bankruptcy orders.

Here, Plaintiff expressly injects bankruptcy by relying on a **court-approved bankruptcy settlement** and by asking for a declaration about lien/collection rights that are intertwined with that Settlement and the

bankruptcy orders. Plaintiff cannot simultaneously rely on bankruptcy orders as a sword and then claim bankruptcy jurisdiction vanishes for removal purposes.

### C. Plaintiff Has Not Shown Removal Was Untimely (and the One-Year Bar It Cites Does Not Apply to Bankruptcy Removal)

Plaintiff relies on the 30-day rule in 28 U.S.C. § 1446(b) and the one-year limitation in § 1446(c)(1) (which applies to diversity removals). Those provisions are not the correct framework when removal is based on § 1452 bankruptcy removal.

Bankruptcy removals are governed by 28 U.S.C. § 1452 and the timing provisions of Fed. R. Bankr. P. 9027, not § 1446(c)'s one-year bar aimed at diversity removals. Plaintiff's reliance on the one-year limitation is therefore misplaced.

Separately, Plaintiff claims Hazan was "served" on December 20, 2023 and therefore the removal clock ran. Hazan disputes Plaintiff's characterization of service and will demonstrate that service was improper/contested and/or never completed in accordance with due process. Where service is defective or not completed, the removal period is not triggered.

Moreover, Plaintiff's own exhibits reflect contested facts regarding what occurred during the alleged "service" event. The purported "service" described—where documents are left on a door after a moving vehicle incident—does not automatically establish valid personal service, particularly where

### D. Plaintiff Has Not Established Valid Service Triggering Any Removal Deadline

Moreover, Plaintiff's own exhibits demonstrate disputed circumstances surrounding alleged service. The process server's narrative admits that documents were ultimately left on a door after a rapidly unfolding encounter involving a moving vehicle. Such facts do not conclusively establish valid personal service under Florida law.

Proper service requires strict compliance with statutory requirements and actual delivery consistent with due process. Where service is defective, disputed, or legally insufficient, the removal clock under any removal statute does not begin to run.

See *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) (removal period is triggered only upon formal service of process, not mere notice of a lawsuit).

Because Plaintiff cannot establish valid service sufficient to trigger removal deadlines, its untimeliness

argument fails.

### E. Diversity Jurisdiction Exists, or at Minimum Plaintiff Has Not Met Its Burden to Prove the Absence of Diversity

Plaintiff alternatively argues diversity jurisdiction is absent because Hazan is allegedly domiciled in Florida. That assertion is unsupported and legally insufficient.

Citizenship for diversity purposes depends on domicile, not mere residence or property ownership. A person may own property or temporarily reside in a state without being domiciled there. See *McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2002).

Plaintiff relies primarily on litigation positions allegedly taken in unrelated proceedings and the fact that Defendant owns property within the Fisher Island community. Neither establishes domicile as a matter of law.

At minimum, Plaintiff has not carried its burden of proving the absence of diversity jurisdiction, and any factual dispute regarding domicile must be resolved in favor of federal jurisdiction at this stage.

### E. Alleged Failure of Service of the Notice of Removal Does Not Justify Remand

Plaintiff's argument that remand is warranted because of alleged defects in service of the Notice of Removal is likewise incorrect.

Procedural defects in post-removal service do not deprive the Court of subject matter jurisdiction and are curable. Courts routinely hold that technical defects in service of removal papers are insufficient grounds for remand where the opposing party has actual notice and suffers no prejudice.

Here, Plaintiff indisputably received notice and filed the present Motion. Any alleged deficiency is therefore harmless and cannot support remand.

### F. Plaintiff's Personal Attacks and Litigation History Allegations Are Irrelevant and Improper

A substantial portion of Plaintiff's Motion is devoted to personal attacks against Hazan, including references to unrelated litigation and quotations from other proceedings.

These allegations are irrelevant to jurisdiction and appear designed solely to prejudice the Court rather than address the statutory requirements for remand.

Federal courts repeatedly caution that removal jurisdiction turns on statutory criteria—not a party's litigation history or characterizations by opposing counsel. Jurisdiction cannot be defeated by

inflammatory rhetoric.

Accordingly, these allegations should be disregarded.

### G. Attorneys' Fees Under 28 U.S.C. § 1447(c) Are Improper

Plaintiff seeks attorneys' fees, but such fees are awarded only where removal lacks an objectively reasonable basis.

See *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Here, removal was objectively reasonable because:

- Plaintiff's claims require interpretation of bankruptcy court orders and a court-approved settlement;
- Bankruptcy jurisdiction under 28 U.S.C. §1334 provides an independent statutory basis for removal;
- There are genuine disputes concerning service, domicile, and jurisdictional facts.

Even if this Court ultimately remands, removal grounded in bankruptcy jurisdiction is plainly reasonable as a matter of law. Therefore, fees must be denied.

## V. ADDITIONAL BASIS: FEDERAL COURTS RETAIN AUTHORITY TO INTERPRET AND ENFORCE BANKRUPTCY ORDERS

Federal courts have a strong institutional interest in ensuring consistent interpretation of bankruptcy confirmation orders, discharges, and settlements approved by bankruptcy courts.

Allowing a state court to issue declarations potentially inconsistent with those orders risks conflicting rulings and undermines the finality of federal bankruptcy relief.

Because Plaintiff seeks relief that directly implicates the scope and effect of bankruptcy rulings, this Court is the proper forum to adjudicate the dispute.

### H. PLAINTIFF'S CLAIM CONSTITUTES AN IMPERMISSIBLE COLLATERAL ATTACK ON A CONFIRMED CHAPTER 11 PLAN, DISCHARGE, AND FINAL DECREE

Plaintiff's request for declaratory relief necessarily requires this Court to determine the legal effect of orders entered in Defendant's Chapter 11 bankruptcy case, including confirmation of the Chapter 11 plan, entry of discharge, and the final decree closing the case.

Those orders are federal judgments entitled to nationwide preclusive effect.

#### 1. Confirmation of a Chapter 11 Plan Is a Final Federal Judgment

Under 11 U.S.C. § 1141(a), a confirmed Chapter 11 plan binds the debtor and all creditors, whether or not

a creditor accepted the plan. Confirmation operates as a final judgment with res judicata effect.

The Eleventh Circuit has repeatedly held that confirmation orders are final and binding and cannot later be relitigated through collateral proceedings.

See:

- *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1550 (11th Cir. 1990) (confirmation order is res judicata as to all issues that were or could have been raised);
- *Wallis v. Justice Oaks II, Ltd.*, 898 F.2d 1544 (11th Cir. 1990).

Once confirmed, creditors are limited to the rights preserved under the plan and may not pursue claims inconsistent with it.

### 2. Entry of Discharge and Final Decree Bars Post-Closure Collection Efforts Inconsistent With Bankruptcy Relief

Upon completion of the Chapter 11 process, Defendant received a discharge and the Bankruptcy Court entered a final decree closing the case.

A discharge operates as a statutory injunction prohibiting efforts to collect discharged debts or to assert claims inconsistent with bankruptcy relief. 11 U.S.C. § 524(a).

Courts uniformly hold that creditors may not circumvent a discharge by repackaging collection efforts as declaratory or state-law enforcement actions.

See:

- *In re Hardy*, 97 F.3d 1384, 1390 (11th Cir. 1996) (discharge injunction strictly prohibits indirect collection efforts);
- *In re McLean*, 794 F.3d 1313, 1321 (11th Cir. 2015).

If Plaintiff seeks a declaration expanding lien or assessment rights beyond what survived bankruptcy treatment, such relief would effectively modify or undermine the discharge order — relief that only a federal bankruptcy court may grant.

### 3. State Courts May Not Reinterpret or Modify Bankruptcy Court Orders

Federal courts retain exclusive authority to interpret and enforce their own bankruptcy orders.

See:

- *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009) (final bankruptcy orders cannot be collaterally attacked in other courts);
- *Celotex Corp. v. Edwards*, 514 U.S. 300, 313 (1995) (other courts must respect bankruptcy court injunctions and orders).

Plaintiff's lawsuit asks a state court to determine the enforceability and scope of lien rights that were addressed within the bankruptcy framework and a court-approved settlement. That determination necessarily requires interpretation of federal bankruptcy orders — a matter squarely within federal jurisdiction.

### 4. Reopening Closed Bankruptcy Issues Through State Litigation Violates Finality Principles

The Bankruptcy Code places extraordinary importance on finality. Allowing creditors to relitigate lien or collection rights years after confirmation, discharge, and closure would defeat the central purpose of Chapter 11 — providing final resolution and fresh start.

Courts reject attempts by creditors to revive claims through later state proceedings after a case has been closed.

See:

- *Stoll v. Gottlieb*, 305 U.S. 165, 170–71 (1938) (bankruptcy judgments are binding and immune from collateral attack);
- *In re Optical Technologies, Inc.*, 425 F.3d 1294, 1300 (11th Cir. 2005).

Because Plaintiff's requested declaration risks altering rights fixed by confirmation and discharge, federal jurisdiction is not only proper but necessary.

### 5. This Court Is the Proper Forum to Determine the Scope of Bankruptcy Relief

Where litigation requires determining whether a creditor's claim survived confirmation or discharge, federal courts routinely retain jurisdiction.

Accordingly, removal was objectively reasonable and appropriate because the dispute centers on:

- interpretation of bankruptcy orders,
- enforcement of discharge protections,
- and the continuing effect of a confirmed Chapter 11 plan.

These issues arise under federal bankruptcy law regardless of how Plaintiff labels its complaint.

## VI. CONCLUSION

Plaintiff has failed to meet its burden to demonstrate that remand is required.

Federal jurisdiction exists under 28 U.S.C. §§ 1334 and 1452 because Plaintiff's requested declaratory relief necessarily requires interpretation and enforcement of bankruptcy court orders and a court-approved settlement. Plaintiff's remaining arguments concerning timeliness, diversity, service, and alleged procedural defects lack merit.

WHEREFORE, Defendant respectfully requests that this Court:

1. **DENY** Plaintiff's Motion to Remand [ECF No. 5] and Plaintiff's Amended Motion for Remand [ECF No. 6];

2. **DENY** Plaintiff's request for attorneys' fees and costs; and

3. Grant such further relief as the Court deems just and proper.

Respectfully submitted,

Liza Hazan a/k/a Elizabeth Hazan

By: _____
Liza Hazan a/k/a Elizabeth Hazan
Pro se Defendant

6913 Valencia Drive

Miami Florida 33109
Tel: (212) 920-6605

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF and/or electronic mail and U.S. Mail upon all counsel of record on this 17th day of February, 2026, Kimesha Smith, Esq.. kimesha@peytonbolin.com; 3343 West Commercial Boulevard, Suite 100 Fort Lauderdale, Florida 33309, PeytonBolin, PL, attorney for plaintiff.

Respectfully submitted,

    Liza Hazan a/k/a Elizabeth Hazan

By: _____

Liza Hazan a/k/a Elizabeth Hazan

Pro se Defendant

6913 Valencia Drive
Miami Florida 33109
Tel: (212) 920-6605