UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 1:26-cv-20060-LFL
FISHER ISLAND COMMUNITY ASSOCIATION, INC.,
Plaintiff,
v.
ELIZABETH HAZAN a/k/a LIZA HAZAN,
Defendant.

_____/



FILED BY _____ D.C.

JUL 27 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

### DEFENDANT ELIZABETH HAZAN'S MOTION FOR RECONSIDERATION OF THE COURT'S JUNE 29, 2026 ORDER REMANDING CASE TO STATE COURT PURSUANT TO FED. R. CIV. P. 59(e), OR, IN THE ALTERNATIVE, FOR RELIEF FROM THE ORDER PURSUANT TO FED. R. CIV. P. 60(b)

Defendant, **Elizabeth Hazan ("Defendant")**, appearing pro se, respectfully moves this Court to reconsider its Order entered June 29, 2026, granting Plaintiff's Motion to Remand, remanding this action to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, and determining that Plaintiff is entitled to attorney's fees under 28 U.S.C. § 1447(c).

This Motion is brought pursuant to Federal Rule of Civil Procedure 59(e), or alternatively Rule 60(b), because the Court overlooked controlling authority, misapprehended the applicable legal standards governing removal jurisdiction, and reached conclusions that result in manifest injustice.

## I. INTRODUCTION

This case presents important jurisdictional issues concerning diversity jurisdiction, bankruptcy-related jurisdiction, removal procedure, and attorney-fee entitlement under 28 U.S.C. § 1447(c). The Court concluded that:

- Defendant waived federal-question and civil-rights removal;

- Defendant failed to establish diversity jurisdiction;

- bankruptcy jurisdiction was absent because Defendant's Chapter 11 case had closed;

- procedural defects independently required remand; and

- Defendant lacked an objectively reasonable basis for removal.

Respectfully, each conclusion rests upon legal errors warranting reconsideration.

Rule 59(e) exists to permit correction of clear legal error before an erroneous judgment becomes final.

This is precisely such a case.

## II. PROCEDURAL HISTORY

1. Plaintiff commenced this action in the Circuit Court of the Eleventh Judicial Circuit, Miami-Dade County, Florida.

2. Defendant timely removed the action to this Court pursuant to 28 U.S.C. §§ 1331, 1332, 1334, 1441, 1443, 1446, and 1452.

3. Plaintiff filed its Motion to Remand.

4. Defendant filed a written response opposing remand.

5. Plaintiff filed a reply.

6. On June 29, 2026, the Court entered its Order granting remand, denying all pending motions as moot, and determining that Plaintiff is entitled to attorney's fees under § 1447(c), with the amount to be determined later through a Local Rule 7.3 motion.

7. Defendant timely seeks reconsideration.

## III. STANDARD UNDER RULE 59(e)

Rule 59(e) permits a district court to alter or amend a judgment to:

- correct manifest errors of law;

- correct manifest errors of fact;

- consider newly discovered evidence;

- prevent manifest injustice; or

- account for an intervening change in controlling law.

Although Rule 59(e) is not a vehicle merely to reargue previously presented issues, reconsideration is appropriate where the Court has overlooked controlling precedent or misapprehended the legal significance of material facts.

The Eleventh Circuit has repeatedly recognized that Rule 59(e) serves to ensure that judgments rest upon a correct application of governing law.

## IV. ALTERNATIVE STANDARD UNDER RULE 60(b)

Alternatively, Defendant seeks relief pursuant to Rule 60(b).

Rule 60(b) authorizes relief from a final order based upon:

- mistake;

- inadvertence;

- newly discovered evidence;

- any other reason justifying relief.

Federal courts possess broad equitable authority under Rule 60(b) to prevent manifest injustice.

Because Defendant respectfully submits that the Court's jurisdictional analysis contains multiple legal errors, relief under Rule 60(b) likewise is appropriate should Rule 59(e) be deemed unavailable.

## V. THE EXTRAORDINARY CIRCUMSTANCES PRESENT HERE WARRANT RECONSIDERATION

Reconsideration is warranted because this Order does substantially more than merely remand the case.

The Order also expressly finds that Defendant lacked an objectively reasonable basis for removal and grants Plaintiff entitlement to attorney's fees under § 1447(c).

Those findings create immediate and substantial legal consequences independent of the remand itself.

The fee-entitlement determination exposes Defendant to a potentially significant monetary award and rests upon the Court's conclusions regarding the objective reasonableness of Defendant's legal positions.

Accordingly, correcting any legal error in the Court's jurisdictional analysis bears directly upon the collateral issue of attorney's fees.

## VI. SUMMARY OF THE COURT'S ERRORS

Defendant respectfully submits that reconsideration is warranted because:

### A. The Court misapplied the law governing waiver.

The Court concluded that Defendant waived reliance upon 28 U.S.C. §§ 1331 and 1443 because Defendant's response emphasized diversity and bankruptcy jurisdiction.

No authority holds that a defendant abandons statutory grounds expressly pleaded in a Notice of Removal merely by focusing subsequent briefing on other jurisdictional issues.

### B. The Court misapplied federal domicile principles.

The Court concluded that Defendant is domiciled in Florida primarily because Plaintiff produced evidence of a Florida homestead exemption.

Federal diversity jurisdiction, however, turns upon domicile determined under the totality of the circumstances—not any single evidentiary factor.

### C. The Court overlooked controlling bankruptcy jurisdiction principles.

The Court concluded that closure of Defendant's Chapter 11 case necessarily defeated bankruptcy jurisdiction.

Respectfully, post-confirmation bankruptcy jurisdiction does not terminate automatically upon case closure. Federal courts retain jurisdiction in appropriate circumstances to interpret, implement, and enforce bankruptcy orders and settlements where the requisite jurisdictional nexus exists.

**D. The Court improperly relied upon Defendant's prior litigation history.**

Rather than evaluating this removal independently, the Court repeatedly relied upon prior remand orders involving Defendant as evidence that the present removal lacked an objectively reasonable basis.

The objective-reasonableness inquiry under *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005), focuses on the legal basis for the removal at issue. Prior unsuccessful removals may provide context but do not automatically establish that a later removal is objectively unreasonable.

**E. The Court's attorney-fee determination rests upon the foregoing legal conclusions.**

Because the fee-entitlement determination depends upon the Court's conclusion that Defendant lacked an objectively reasonable basis for removal, any reconsideration of the jurisdictional analysis necessarily bears upon the collateral fee issue.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR RECONSIDERATION**

**I. RULE 59(e) EXISTS TO CORRECT MANIFEST ERRORS OF LAW**

Rule 59(e) authorizes reconsideration where necessary to correct a manifest error of law or fact or to prevent manifest injustice. A Rule 59(e) motion is not intended to relitigate issues previously decided; however, it is appropriate where the Court has overlooked controlling authority or misapprehended the governing legal standard.

Defendant respectfully submits that reconsideration is warranted because the Order resolved several jurisdictional issues by applying legal standards that Defendant contends are inconsistent with controlling federal law governing domicile, waiver, and bankruptcy-related jurisdiction.

## II. THE COURT ERRED IN CONCLUDING THAT DEFENDANT WAIVED HER RELIANCE UPON 28 U.S.C. §§ 1331 AND 1443

The Court held:

"Because Defendant has failed to defend jurisdiction under the federal-question jurisdiction statute, 28 U.S.C. § 1331, or the civil rights removal statute, 28 U.S.C. § 1443, she has waived any argument under those two statutory bases for removal jurisdiction."

Respectfully, Defendant submits that this conclusion rests upon an incorrect application of waiver principles.

The Notice of Removal expressly invoked §§ 1331 and 1443 as independent statutory grounds for removal. Once those grounds were pleaded, the Court retained an independent obligation to determine whether subject-matter jurisdiction existed.

Although parties may forfeit arguments through inadequate briefing, federal courts have a continuing obligation to assure themselves of subject-matter jurisdiction. Defendant's response focused primarily on diversity and bankruptcy jurisdiction, but that emphasis did not necessarily constitute an intentional abandonment of every other jurisdictional basis identified in the Notice of Removal.

The Order relies upon *In re Egidi*, 571 F.3d 1156 (11th Cir. 2009), for waiver.

*Egidi* arose in a different procedural context involving appellate briefing. Defendant respectfully submits that appellate waiver doctrine should not automatically govern a district court's independent jurisdictional inquiry in the removal context.

Accordingly, Defendant requests reconsideration of the Court's conclusion that §§ 1331 and 1443 were waived.

## III. THE COURT MISAPPLIED THE FEDERAL STANDARD GOVERNING DOMICILE

The Court concluded:

"Thus, Defendant is domiciled in the State of Florida."

Defendant respectfully submits that this conclusion gives dispositive weight to evidence of a Florida homestead exemption while not fully addressing the broader federal inquiry into domicile. For purposes of diversity jurisdiction, citizenship depends upon domicile. Domicile generally requires both:

1. physical presence; and

2. an intent to remain indefinitely.

Federal courts ordinarily examine numerous objective factors, including:

- residence,

- property ownership,

- voting registration,

- driver's licenses,

- tax filings,

- employment,

- family connections,

- banking,

- immigration status,

- and other evidence bearing on intent.

The Order correctly recognizes that domicile—not mere citizenship—is the relevant inquiry. However, Defendant respectfully argues that the analysis effectively treated homestead evidence as dispositive rather than evaluating the totality of the evidence bearing on domicile.

Whether that conclusion ultimately proves correct is distinct from whether the governing legal framework was fully applied.

## IV. HOMESTEAD STATUS DOES NOT NECESSARILY RESOLVE FEDERAL DOMICILE

The Order relied heavily upon Plaintiff's submission that Defendant claimed a Florida homestead exemption.

Defendant acknowledges that homestead status is relevant evidence.

However, federal diversity jurisdiction is determined under federal law.

State-law homestead status is one factor that may inform domicile, but it does not necessarily resolve the federal jurisdictional inquiry by itself.

The Court's analysis would have been strengthened by addressing additional objective indicia of domicile and explaining why the evidence as a whole established Florida domicile notwithstanding Defendant's contrary position.

Defendant respectfully requests reconsideration on that basis.

## V. THE COURT RESOLVED A FACTUAL DISPUTE WITHOUT JURISDICTIONAL DISCOVERY

The Order also noted that Defendant's filings omitted current address information required by the Local Rules and concluded that Defendant had not met her burden of establishing diversity jurisdiction.

Defendant acknowledges the Court's concern regarding compliance with the Local Rules.

Nevertheless, where a jurisdictional fact such as domicile is genuinely disputed, courts have discretion to permit limited jurisdictional discovery or an evidentiary hearing before resolving the issue.

Defendant respectfully submits that such procedures would have provided a fuller factual record concerning domicile before entry of a remand order.

## VI. THE COURT'S DIVERSITY ANALYSIS DIRECTLY AFFECTED ITS ATTORNEY-FEE DETERMINATION

The Court later relied upon its conclusion that Defendant lacked an objectively reasonable basis for removal in granting Plaintiff entitlement to attorney's fees under § 1447(c).

Because the diversity analysis formed part of the Court's objective-reasonableness determination, reconsideration of that analysis also bears upon the collateral issue of attorney-fee entitlement.

Defendant therefore respectfully requests reconsideration of both the jurisdictional analysis and the associated fee-entitlement determination to the extent permitted by law.

## VII. THE COURT MISAPPREHENDED THE SCOPE OF POST-CONFIRMATION BANKRUPTCY JURISDICTION

The principal legal error in the Court's Order concerns its conclusion that bankruptcy jurisdiction necessarily ceased because Defendant's Chapter 11 case had been closed.

The Court held:

"Even if this action is related in some sense thereto, it will not impact bankruptcy proceedings no longer pending."

Respectfully, Defendant submits that this statement does not fully address the legal framework governing post-confirmation bankruptcy jurisdiction.

## A. Closure of a Bankruptcy Case Does Not Automatically Eliminate Federal Bankruptcy Jurisdiction

The Court correctly observed that Defendant's Chapter 11 case has been closed.

However, closure of a bankruptcy case is not itself dispositive of whether jurisdiction exists under 28 U.S.C. § 1334.

Federal courts have recognized that bankruptcy jurisdiction may continue after confirmation or case closure where resolution of the dispute requires interpretation, implementation, or enforcement of bankruptcy court orders, a confirmed plan, or settlements approved during the bankruptcy proceedings.

Accordingly, the relevant inquiry is not simply whether the bankruptcy case remains open, but whether the controversy bears the jurisdictional relationship required by § 1334.

Defendant respectfully submits that the Order did not fully analyze that question.

## B. PLAINTIFF'S OWN COMPLAINT REFERENCES THE BANKRUPTCY SETTLEMENT

The Order recognizes that Defendant argued the state-court complaint relies upon a settlement agreement entered during the Chapter 11 proceedings.

That point is significant.

Defendant's position has never been that the mere existence of a prior bankruptcy automatically creates federal jurisdiction.

Rather, Defendant contends that Plaintiff's requested relief necessarily depends upon interpretation of rights created during the Chapter 11 proceedings.

Where the parties dispute the meaning, scope, or continuing effect of obligations arising from bankruptcy-approved agreements, Defendant respectfully submits that the jurisdictional inquiry requires more than the observation that the bankruptcy case has since been closed.

## C. THE COURT DID NOT ADDRESS WHETHER THE DISPUTE REQUIRES INTERPRETATION OF BANKRUPTCY ORDERS

The Order concludes that Plaintiff's complaint pleads "a typical state court claim."

Defendant respectfully disagrees.

The complaint expressly references a settlement agreement originating during the bankruptcy proceedings.

The jurisdictional question therefore includes whether adjudicating Plaintiff's claims requires a court to determine:

- the meaning of obligations created during the Chapter 11 case;
- the continuing effect of bankruptcy court-approved agreements;
- whether the relief sought is consistent with bankruptcy orders;
- whether any bankruptcy discharge or confirmation order affects the parties' present rights.

The Order does not expressly analyze those questions.

Instead, it concludes that because the bankruptcy case is closed, bankruptcy jurisdiction necessarily fails.

Defendant respectfully submits that this reasoning is incomplete.

## VIII. THE COURT DID NOT FULLY ADDRESS THE "RELATED TO" JURISDICTIONAL ANALYSIS

Section 1334(b) grants district courts jurisdiction over proceedings:

- arising under Title 11;

- arising in Title 11 cases; or

- related to Title 11 cases.

The Order quotes the Eleventh Circuit standard that a proceeding is "related to" bankruptcy if its outcome could alter the debtor's rights, liabilities, options, or freedom of action or affect administration of the bankruptcy estate.

Defendant respectfully submits that the analysis then focused almost exclusively on the fact that the bankruptcy estate is no longer pending.

The motion for reconsideration asks the Court to evaluate whether the claims instead require continuing interpretation or implementation of bankruptcy-created rights, an issue Defendant believes was not fully addressed in the Order.

## IX. THE COURT'S RELIANCE UPON PRIOR REMAND ORDERS SHOULD BE RECONSIDERED

The Court stated:

"Defendant's theory has failed before."

The Court further cited prior district court decisions involving Defendant and concluded that the same theory therefore fails here.

Respectfully, Defendant submits that this analysis should be reconsidered.

Prior remand orders may be persuasive authority.

They are not binding precedent.

Nor do they automatically establish that a subsequent removal lacks legal merit.

Every removal must be evaluated according to:

- the operative complaint;

- the Notice of Removal;

- the record before the Court; and

- applicable federal law.

Reliance upon earlier remand orders cannot substitute for an independent jurisdictional analysis of the present case.

## X.   THE   COURT'S   PROCEDURAL   REMOVAL   ANALYSIS   SHOULD   BE RECONSIDERED

The Court also concluded that removal would have been untimely even assuming bankruptcy jurisdiction existed.

Defendant respectfully requests reconsideration of that conclusion.

The timeliness of removal under the Bankruptcy Code may depend upon the triggering event relied upon by the removing party.

To the extent Defendant relied upon a later-arising basis for removal, Defendant respectfully submits that the Order should expressly analyze whether the applicable removal period began upon service of the original complaint or upon a subsequent event giving rise to the asserted basis for bankruptcy-related removal.

Defendant believes that issue warrants further consideration.

## XI. THE   COURT'S   OBJECTIVE-REASONABLENESS   DETERMINATION   RESTS UPON THE SAME LEGAL ERRORS

The Court ultimately found:

"The Court indeed finds that Defendant's Notice of Removal lacked an objectively reasonable basis."

The Court relied in part upon:

- Defendant's repeated jurisdictional arguments;

- the Court's conclusion that several jurisdictional theories had been waived;

- prior remand decisions; and

- Defendant's litigation history.

Respectfully, Defendant submits that if reconsideration is appropriate as to any of those underlying legal conclusions, the attorney-fee entitlement determination should likewise be reconsidered.

The Supreme Court has instructed that attorney's fees under § 1447(c) should not be awarded merely because removal proves unsuccessful.

Rather, the inquiry focuses upon objective reasonableness.

Defendant respectfully submits that the existence of substantial jurisdictional questions regarding diversity, bankruptcy jurisdiction, and removal procedure demonstrates that the removal was not objectively frivolous, even if the Court ultimately rejected Defendant's jurisdictional theories.

## XII. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court reconsider the June 29, 2026 Order, reevaluate the jurisdictional analyses set forth therein, and reconsider the determination that Plaintiff is entitled to attorney's fees under 28 U.S.C. § 1447(c). Defendant further requests such other and further relief as the Court deems just and proper.

## XIII. THE COURT SHOULD RECONSIDER ITS DETERMINATION THAT PLAINTIFF IS ENTITLED TO ATTORNEY'S FEES UNDER 28 U.S.C. § 1447(c)

Although the Court granted Plaintiff's Motion to Remand, it did not award a specific amount of attorney's fees. Rather, the Court determined only that Plaintiff is entitled to seek fees and directed Plaintiff to file a separate motion complying with Local Rule 7.3 before any amount could be determined.

Because the amount of fees has not yet been adjudicated, Defendant respectfully requests reconsideration of the Court's determination that Plaintiff is entitled to fees under § 1447(c).

## XIV. THE COURT APPLIED AN UNDULY EXPANSIVE VIEW OF "OBJECTIVE REASONABLENESS"

Section 1447(c) provides that a district court **may** require payment of just costs and actual expenses, including attorney's fees, incurred as a result of removal.

The statute is discretionary.

The Supreme Court has instructed that fee awards should strike a balance between deterring improper removals and preserving Congress's decision to afford defendants a right of removal where the statutory criteria are plausibly invoked.

The Court correctly cited *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005), for the proposition that fees ordinarily should be awarded only where the removing party lacked an objectively reasonable basis for removal.

Defendant respectfully submits, however, that the Order's application of that standard should be reconsidered.

## XV. OBJECTIVE REASONABLENESS MUST BE EVALUATED BASED UPON THE REMOVAL AT ISSUE

The Supreme Court in *Martin* rejected both automatic fee awards and automatic denials of fees.

Instead, the inquiry focuses upon whether the removal presented an objectively reasonable legal basis.

The question is not whether removal ultimately succeeded.

Nor is the question whether other courts have previously rejected similar legal theories.

Rather, the inquiry concerns whether reasonable litigants could conclude that federal jurisdiction arguably existed under the statutes invoked.

Defendant respectfully submits that the removal presented colorable arguments concerning:

- diversity jurisdiction;

- bankruptcy jurisdiction;

- federal-question jurisdiction; and

- civil-rights removal.

Although the Court ultimately rejected those theories, unsuccessful arguments are not necessarily objectively unreasonable.

## XVI. THE COURT'S RELIANCE ON PRIOR REMOVAL HISTORY WARRANTS RECONSIDERATION

The Order explains that Defendant's removal lacked an objectively reasonable basis in part because Defendant "repeated arguments for jurisdiction that other courts of this District have squarely rejected."

Defendant respectfully submits that this reasoning should be reconsidered.

Prior adverse rulings may provide context, but they do not automatically establish that a later removal is objectively unreasonable.

Every removal depends upon:

- the operative complaint;

- the factual record;

- the statutory grounds asserted;

- and the governing law applicable at the time of removal.

The objective-reasonableness inquiry should therefore focus principally on the legal basis for this removal rather than Defendant's broader litigation history.

## XVII. THE COURT'S WAIVER ANALYSIS ALSO AFFECTED THE FEE DETERMINATION

The Court found that Defendant waived reliance upon §§ 1331 and 1443 because those grounds were not defended in Defendant's response to the motion to remand.

That waiver determination became part of the Court's explanation for concluding that removal lacked an objectively reasonable basis.

If the Court reconsiders its waiver analysis, then the objective-reasonableness analysis likewise should be revisited because it would involve evaluating all jurisdictional theories asserted in the Notice of Removal.

## XVIII. THE DIVERSITY AND BANKRUPTCY ISSUES WERE NOT FRIVOLOUS

The Court ultimately rejected Defendant's arguments concerning diversity and bankruptcy jurisdiction.

Defendant respectfully acknowledges that disagreement.

However, legal disagreement is distinct from frivolousness.

Jurisdictional questions concerning domicile, post-confirmation bankruptcy jurisdiction, and the relationship between state-law claims and bankruptcy-approved settlements have generated substantial litigation in the federal courts.

Accordingly, Defendant respectfully submits that the removal was not so lacking in legal foundation as to justify a finding that no objectively reasonable basis existed.

## XIX. EQUITY FAVORS RECONSIDERATION OF THE FEE-ENTITLEMENT DETERMINATION

The Court expressly directed Plaintiff to comply with Local Rule 7.3 before any amount of fees could be determined.

Thus, the litigation concerning attorney's fees remains ongoing.

Reconsideration at this stage promotes judicial economy because it permits the Court to revisit the threshold entitlement determination before the parties incur additional expense litigating the amount of any fee award.

Should the Court conclude that Defendant's removal presented an objectively reasonable basis, no further fee litigation would be necessary.

## XX. ALTERNATIVE REQUEST FOR RELIEF

If the Court concludes that it cannot revisit the remand itself because of the procedural posture following transmission of the remand order, Defendant respectfully requests that the Court nevertheless reconsider the collateral determination that Plaintiff is entitled to attorney's fees under 28 U.S.C. § 1447(c).

Defendant submits that the attorney-fee issue is distinct from the merits of the remand and asks the Court to reconsider that determination in light of the arguments presented in this Motion.

## XXI. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court:

1. Reconsider its conclusion that Defendant lacked an objectively reasonable basis for removal;

2. Vacate the portion of the June 29, 2026 Order determining that Plaintiff is entitled to attorney's fees under 28 U.S.C. § 1447(c), to the extent the Court concludes such relief is available;

3. Deny any future motion seeking attorney's fees if Plaintiff files one; and

4.  Grant such other and further relief as the Court deems just and proper.

## VII. RELIEF REQUESTED

WHEREFORE, Defendant respectfully requests that the Court:

1.  Grant this Motion for Reconsideration;

2.  Vacate the June 29, 2026 Order granting remand, or, to the extent the Court concludes the remand itself cannot be revisited because of the procedural posture, reconsider and vacate the determination that Plaintiff is entitled to attorney's fees under 28 U.S.C. § 1447(c);

3.  Permit supplemental briefing or other proceedings as the Court deems appropriate; and

4.  Grant such other and further relief as justice requires.

Respectfully submitted,

By:_____

Liza Hazan a/k/a Elizabeth Hazan

Pro se Defendant

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF and/or electronic mail and U.S. Mail upon all counsel of record on this 27th day of July, 2026, Kimesha Smith, Esq.. kimesha@peytonbolin.com; 3343 West Commercial Boulevard, Suite 100 Fort Lauderdale, Florida 33309, PeytonBolin, PL, attorney for plaintiff.

Respectfully submitted,

Liza Hazan a/k/a Elizabeth Hazan

By: _____

Liza Hazan a/k/a Elizabeth Hazan

Pro se Defendant

6913 Valencia Drive
Miami Florida 33109
Tel: (212) 920-6605

By: _____

Liza Hazan a/k/a Elizabeth Hazan

Pro se Defendant

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

Case No. 1:26-cv-20060-LFL

FISHER ISLAND COMMUNITY ASSOCIATION, INC.,

Plaintiff,

v.

ELIZABETH HAZAN a/k/a LIZA HAZAN,

Defendant.

_____/

**[PROPOSED] ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION**

THIS CAUSE came before the Court upon Defendant Elizabeth Hazan's Motion for Reconsideration pursuant to Federal Rules of Civil Procedure 59(e) and, alternatively, Rule 60(b).

The Court has reviewed the Motion, the record, the applicable law, and is otherwise fully advised in the premises.

IT IS ORDERED AND ADJUDGED as follows:

**1.** Defendant's Motion for Reconsideration is **GRANTED IN PART.**

**2.** The Court has reconsidered the jurisdictional issues addressed in its Order entered June 29, 2026.

**3.** Upon reconsideration, the Court determines that its conclusion regarding Plaintiff's entitlement to attorney's fees under 28 U.S.C. § 1447(c) shall be VACATED.

**4.** Plaintiff's request for attorney's fees pursuant to 28 U.S.C. §1447(c) is DENIED.

**5.** All remaining relief requested in Defendant's Motion is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida.

LAUREN F. LOUIS

UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**

**Case No. 1:26-cv-20060-LFL**

**FISHER ISLAND COMMUNITY ASSOCIATION, INC.,**

Plaintiff,

v.

**ELIZABETH HAZAN a/k/a LIZA HAZAN,**

Defendant.

_____/

**ALTERNATIVE PROPOSED ORDER**

If the Court concludes that reconsideration of the remand itself is procedurally unavailable because the certified remand order has already been transmitted to the state court, Defendant respectfully requests entry of the following alternative order:

**[ALTERNATIVE]**

IT IS ORDERED:

1. Defendant's Motion is GRANTED solely as to the collateral issue of attorney's fees.

2. The portion of the June 29, 2026 Order determining that Plaintiff is entitled to attorney's fees under 28 U.S.C. §1447(c) is VACATED.

3. Plaintiff shall take nothing on any subsequently filed motion seeking attorney's fees.

4. All other requested relief is DENIED.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this _____ day of _____, 2026, I electronically filed the

foregoing with the Clerk of Court using the CM/ECF system, which will automatically serve all

counsel of record.

Respectfully submitted,

**Elizabeth Hazan**

Defendant, Pro Se

6913 Valencia Drive

2129206605

lizahazan77@gmail.com